11-4579-cv
*Olin Corp. v. Century Indem. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of June two thousand thirteen.

PRESENT:    PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                                    Circuit Judges,

———————————————————

OLIN CORPORATION,
                                    *Plaintiff-Appellee,*

            -v-                                              No. 11-4579-cv

CENTURY INDEMNITY COMPANY,
                                    *Defendant-Appellant*,

OLIN-HUNT SPECIALTY PRODUCTS INC.,
                                    *Third-Party-Defendant*,

ONEBEACON AMERICAN INSURANCE COMPANY, REFERRED TO IN THIS LITIGATION AS COMMERCIAL UNION INSURANCE COMPANY,
                                    *Cross-Defendant*,

INSURANCE COMPANY OF NORTH AMERICA, HANOVER INSURANCE COMPANY, AS SUCCESSOR TO MASSACHUSETTS BONDING AND INSURANCE COMPANY, AMERICAN RE-INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYDS LONDON AND LONDON MARKET INSURANCE COMPANIES, LONDON MARKET INSURANCE COMPANIES, COMMERCIAL UNION INSURANCE COMPANY, AS SUCCESSOR TO EMPLOYERS LIABILITY ASSURANCE CORPORATION LTD. AND EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY AMERICA, CONTINENTAL CASUALTY COMPANY,

EMPLOYERS INSURANCE OF WAUSAU, C.E. HEALTH COMPENSATION & LIABILITY INSURANCE CO., AS SUCCESSOR TO FALCON INSURANCE COMPANY, SUCCESSOR TO EMPLOYERS SURPLUS LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, LONDON & EDINBURGH INSURANCE COMPANY LIMITED, CAPITAL MARKETS ASSURANCE CORP., AS SUCCESSOR TO NATIONAL AMERICAN INSURANCE COMPANY OF NEW YORK, SUCCESSOR TO STUYVESANT INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NORTH RIVER INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY A/S/O MARCO DEL GADO, AS SUCCESSOR TO NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, ONEBEACON AMERICA INSURANCE COMPANY, FORMERLY REFEREED TO IN THIS LITIGATION AS COMMERCIAL UNION INSURANCE COMPANY, AETNA CASUALTY & SURETY COMPANY, GENERAL REINSURANCE CORPORATION, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, HOME INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, INTEGRITY INSURANCE COMPANY, GREENWICH INSURANCE COMPANY, AS SUCCESSOR TO HARBOR INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, TRANSIT CASUALTY COMPANY, AIU INSURANCE COMPANY, CONTINENTAL CORPORATION, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, HARBOR INSURANCE COMPANY, NATIONAL AMERICAN INSURANCE COMPANY OF CALIFORNIA, AS SUCCESSOR TO STUYVESANT INSURANCE COMPANY, NATIONAL CASUALTY COMPANY, NEW YORK PROPERTY/CASUALTY INSURANCE SECURITY FUND, CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA,

*Defendants.*

---

JOHN L. ALTIERI, JR., Boutin & Altieri, P.L.L.C., Fairfield, CT (Seth Goodman Park, Siegal & Park, Mount Laurel, NJ *on the brief*) *for Defendant-Appellant*.

CRAIG C. MARTIN, Jenner & Block LLP, Chicago, IL *for Plaintiff-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered October 14, 2011 is **AFFIRMED**.

Defendant-Appellant Century Indemnity Company, successor to Insurance Company of North America, individually and as successor to Insurance Company of North America (hereinafter referred to as "INA"), appeals from the partial final judgment entered by the United States District Court for the Southern District of New York (Griesa, *J.*) on October 14, 2011, in favor of Plaintiff-

Appellee Olin Corporation ("Olin") and at the conclusion of a bench trial.[1]  The district court entered judgment for Olin and against INA for third-party litigation costs and prejudgment interest relating to suits by California homeowners and residents alleging environmental contamination from the Morgan Hill Site formerly operated by Olin.  On appeal, INA argues that: (1) the district court erred in holding that INA had a duty to reimburse Olin's defense costs when the homes at issue were constructed after INA's insurance coverage ended; and (2) the district court erred in holding INA responsible for 100% of the defense costs and declining to prorate those costs distinguishing between periods of coverage and periods of self-insurance.

"On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008).  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

* * *

INA first argues that it has no duty to reimburse Olin's costs in defending the Morgan Hill lawsuits because the homes at issue in the lawsuits were constructed after the policies expired. Under New York law, "[a]n insurer must defend whenever the four corners of the complaint suggest—or the insurer has actual knowledge of facts establishing—a reasonable possibility of

---

[1] The claims tried before Judge Griesa and reviewed here are part of a larger set of claims between INA and Olin regarding the extent of INA's insurance coverage obligations for Olin's environmental liabilities relating to operating facilities across the country.  Neither party challenges the district court's decision to enter partial final judgment and, reviewing for abuse of discretion, *see Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980), we find no error in the district court's determination.

coverage." *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 424 (2d Cir. 2002) (quoting *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 609 N.E.2d 506, 509 (N.Y. 1993)). The complaints against Olin allege careless disposal of potassium perchlorate that contaminated the area's water supply and affected real property "situated above a highly toxic groundwater plume of potassium perchlorate, created as a result of forty years [1956-1996] of manufacturing highway flares which contained potassium perchlorate." On their face, the complaints do not specify when injury to individual homes or wells occurred but they do allege ongoing contamination of the groundwater plume beginning in 1956, which affected real property situated above it. Olin's policies with INA, moreover, were in effect from 1956 to 1970, during this period of ongoing contamination. In such circumstances, we conclude that the complaints' allegations are sufficient to establish a reasonable possibility of coverage and therefore that the district court did not err in determining that INA had a duty to defend as shown by the face of the complaints.

INA next challenges the district court's conclusion that INA has a duty to reimburse Olin for 100% of its defense costs and argues that the defense costs should be allocated between INA and Olin. The district court concluded as a matter of law that allocation of defense costs between insurer and insured when the insured was self-insured for a part of the period in which the harm occurred is unavailable, although the court recognized that this matter has not been definitively established as a matter of New York law. *See Cont'l Cas. Co.*, 609 N.E.2d at 514 (noting that under New York law, "[t]he question whether the insured itself must contribute to defense costs . . . is appropriately deferred," and commenting on the division in courts to have considered the issue). In the alternative, the district court held that allocation is not appropriate in the circumstances here because the litigation between Olin and the California homeowners and residents did not establish when injury

4

occurred to the properties at issue. The district court based this conclusion on the absence of any jury determinations as to when—if ever—negligent waste disposal occurred, as well as indefinitive expert testimony as to the pace of perchlorate migration or the dates of initial contamination. We do not reach the issue whether defense costs *may* be allocated between an insurer and insured for periods of self-insurance under New York law because, after reviewing the evidence, we find no error in the district court's alternative conclusion—that there was no reasonable means of prorating the costs between covered and non-covered items—for substantially the reasons stated by the district court. *See Ins. Co. of N. Am. v. Forty-Eight Insulations, Inc.*, 633 F.2d 1212, 1224 (6th Cir. 1980) ("An insurer must bear the entire cost of defense when there is no reasonable means of prorating the costs of defense between the covered and not-covered items." (internal quotation marks and citation omitted)).

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5